UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, *As Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR7 Mortgage Pass-Through Certificates Series 2006-AR7 formerly known as The Bank of New York*<br><br>Plaintiff,<br><br>v.<br><br>NITA CHIDESTER, et al.<br><br>Defendants. | Case No.: 25-CV-1593 JLS (JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND**<br><br>**(2) DENYING MOTIONS TO COMPEL COMPLIANCE WITH DEPOSITION SUBPOENAS**<br><br>(ECF Nos. 1, 2, 3) |
| NITA CHIDESTER, et al.,<br><br>Counterclaimants,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, *As Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR7 Mortgage Pass-Through Certificates Series 2006-AR7* | |

1  *formerly known as The Bank of New York*, et al.
2  
3                    Counter-Defendants.

4       Presently before the Court are Counterclaimants Nita Chidester's and Cynthia Chidester's Motions to Compel Compliance with Deposition Subpoenas ("Mots.," ECF Nos. 1, 2) and Counterclaimant Cynthia Chidester's Application to Proceed *in Forma Pauperis* ("IFP Appl.," ECF No. 3).

       On June 17, 2025, Third Party Katherina A. Davis aka Katherina Grant ("Grant") filed a Motion for Protective Order in the underlying case in the Central District of California, *Bank of N.Y. Mellon v. Nita Chidester, et al.*, 8:23-cv-02281-JWH (JDEx), "seeking an order protecting her from compliance with a deposition subpoena issued by the Defendants Nita and Cynthia Chidester." ECF No. 4 ("Not.") at 1. Thereafter, Counterclaimants Nita Chidester and Cynthia Chidester filed with this Court motions to compel Grant's compliance with the deposition subpoena. *See generally* Docket. Cynthia Chidester also filed an application to proceed *in forma pauperis* ("IFP"). *See generally id.* On June 26, 2025, Grant filed a Notice of Entry of Protective Order Issued by Central District of California, asserting that Counterclaimants' Motions were moot based on an order issued by the Central District of California granting her Motion for Protective Order. Not. at 2.

       The Court first considers Cynthia Chidester's IFP Application. All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).[1]

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

Here, Cynthia Chidester's IFP Application establishes that she has an income of about $1,196 a month in retirement benefits. IFP Appl. at 2. Cynthia Chidester reports having $500.00 in cash and owning a motor vehicle worth approximately $3,500. *Id.* at 2–3. Cynthia Chidester's monthly expenses of $2,455.00 exceed her monthly income. *See id.* at 4–5. The Court therefore concludes that she has adequately demonstrated that paying the $405 filing fee would result in her inability to afford the necessities of life.

The Court next considers Counterclaimants' Motions to Compel Compliance with Deposition Subpoenas. In the underlying case, the Central District granted a protective order for Grant from complying with the subpoenas. *See* Not. at 3–4; *Bank of N.Y. Mellon v. Nita Chidester et al.*, 23-CV-2281 JWH (JDE), ECF No. 75 ("The deposition and request

1  for documents under the subpoenas directed to [Grant] shall not proceed."). Therefore, the
2  Court finds that the instant Motions are moot in light of the Central District's Order.
3        Accordingly, good cause appearing, the Court **DENIES** Counterclaimants Nita
4  Chidester's and Cynthia Chidester's Motions to Compel Compliance with Deposition
5  Subpoenas (ECF Nos. 1, 2) and **GRANTS** Counterclaimant Cynthia Chidester's
6  Application to Proceed *in Forma Pauperis* (ECF No. 3). As this concludes the litigation
7  in this matter, the Clerk of Court **SHALL** close the file.
8        **IT IS SO ORDERED.**
9  Dated: December 1, 2025

                                          *Janis L. Sammartino*
                                          Hon. Janis L. Sammartino
                                          United States District Judge