UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, *As Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR7 Mortgage Pass-Through Certificates Series 2006-AR7 formerly known as The Bank of New York* | Case No.: 25-CV-1593 JLS (JLB) **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** (ECF No. 9) |

THE BANK OF NEW YORK MELLON, *As Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR7 Mortgage Pass-Through Certificates Series 2006-AR7 formerly known as The Bank of New York*

Plaintiff,

v.

NITA CHIDESTER, et al.

Defendants.

NITA CHIDESTER, et al.,

Counterclaimants,

v.

THE BANK OF NEW YORK MELLON, *As Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR7 Mortgage Pass-Through Certificates Series 2006-AR7*

1

*formerly known as The Bank of New York*, et al.

Counter-Defendants.

Presently before the Court is Defendants Cynthia Sabrina Chidester's and Nita Chidester's ("Defendants") Motion to Alter or Amend Judgment Fed. R. Civ. P. 59(e) ("Mot.," ECF No. 9). Plaintiff did not respond to the Motion. *See* generally Docket. Having carefully considered Defendants' Motion and the law, the Court **DENIES** the Motion, for the reasons that follow.

## BACKGROUND

This miscellaneous proceeding arises out of Defendants' attempts to enforce deposition subpoenas on Third Party Katherina A. Davis aka Katherina Grant ("Grant") in connection with an underlying foreclosure action pending in the United States District Court for the Central District of California, *Bank of N.Y. Mellon v. Nita Chidester et al.*, Case No. 8:23-CV-02281-JWH (JDEx). On June 23, 2025, Defendants filed Motions to Compel Compliance with Deposition Subpoenas (ECF Nos. 1, 2), seeking to enforce subpoenas requiring Grant's appearance and production of documents in this District. On June 26, 2025, Grant filed a Notice of Entry of Protective Order issued by the Central District of California, which granted Grant's Motion for Protective Order and ordered that "the deposition and request for documents under the subpoenas directed to [Grant] shall not proceed." ECF No. 4 at 2.

On December 1, 2025, the Court denied Defendants' Motions to Compel as moot in light of the Central District's Protective Order and closed the case. *See* ECF Nos. 5, 6. On December 29, 2025, Defendants filed a Motion to Alter or Amend Judgment. *See* ECF No. 7. The Court struck that filing for noncompliance with Civil Local Rule 5.1, which requires a time and date on motions and supporting documentation.[1] *See* ECF No. 8. On January 15, 2026, Defendants filed the instant Motion. *See* ECF No. 9.

---

[1] The Court notes that its December 31, 2025, Order was returned by the United States Postal Service as undeliverable. *See* ECF No. 10. This District's Civil Local Rules require any party appearing pro se to

25-CV-1395 JLS (JLB)

**DISCUSSION**

"Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993)). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Clear error exists where the motion is necessary to correct manifest errors of law or fact upon which the judgment rests, and manifest injustice exists where the motion is necessary to prevent a result that is clearly unjust. *Id*.

Defendants raise two arguments: (1) that the Court committed clear error, and (2) that manifest injustice will result if the Order stands. *See generally* Mot. Neither argument is persuasive.

As to clear error, Defendants contend that this Court, as the compliance court under Federal Rule of Civil Procedure 45, retains independent authority to enforce the subpoenas notwithstanding the Central District's Protective Order. *See* Mot. at 3–7. However, this argument could have been raised in Defendants' original Motions to Compel before this Court. Rule 59(e) does not provide a vehicle to raise new legal theories that were available but not presented prior to judgment. *See Banister v. Davis*, 590 U.S. 504, 508 (2020). In any event, the argument fails on the merits. The Central District's Protective Order explicitly directed that "[t]he deposition and request for documents under the subpoenas directed to [Grant] shall not proceed." ECF No. 4 at 4. That order directly and

---

"keep the Court and opposing parties advised as to current address." S.D. Cal. CivLR 83.11(b). Defendants have not filed a Notice of Change of Address with the Court, and more than sixty days have passed since December 31, 2025. *See id.* Therefore, "the Court may dismiss th[is] action without prejudice for failure to prosecute." *Id.* The Court nevertheless considers the merits of Defendants' Motion below.

25-CV-1395 JLS (JLB)

comprehensively resolved the underlying discovery dispute, leaving nothing for this Court to enforce.  The Court therefore finds no clear error in its December 1, 2025, Order.

As to manifest injustice, Defendants argue that without Grant's notary journal they cannot prove forgery in the chain of title to their property, potentially resulting in the loss of their home.  *See* Mot. at 8–11.  The Court is not unsympathetic to Defendants' circumstances.  Nonetheless, manifest injustice requires that the ruling itself be clearly unjust, not merely that the outcome is adverse to the moving party.  *See Zimmerman*, 255 F.3d at 740.  As the Court previously held, the Central District already determined that Grant need not comply with the subpoenas, rendering Defendants' Motions to Compel moot.  *See* ECF Nos. 5, 6; *see also* ECF No. 4 at 4.  Defendants' broader dispute over the validity of the foreclosure remains pending in the underlying Central District action, where those arguments may be properly advanced.  The Court therefore finds no manifest injustice warranting relief under Rule 59(e).

In sum, Defendants have not demonstrated any circumstances warranting relief under Rule 59(e), therefore, the Motion must be denied.

### CONCLUSION

For the reasons provided above, the Court **DENIES** Defendants' Motion to Alter or Amend Judgment (ECF No. 9).  The Court will consider no further filings in this closed matter.

**IT IS SO ORDERED.**

Dated:  June 18, 2026

Hon. Janis L. Sammartino
United States District Judge

4

25-CV-1395 JLS (JLB)